𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

Moore v. Ullman and als.

March 19th, 1885.

1. Fraud—*Proof—Case at bar.*—The evidence of fraud must be sufficient to satisfy the conscience of the court, but may, and generally must, be circumstantial. In the case here by such evidence fraud is proved.

2. Practice in Chancery—*Answers.*—The testimony of one witness, with corroborative circumstances, or circumstances alone, or documentary evidence alone, may overcome an answer that is responsive to the averments of the bill. *Jones* v. *Abraham*, 75 Va. 466.

Appeal of J. S. Moore from decree of the chancery court of the city of Richmond, entered May 10th, 1883, in the cause wherein said Moore was plaintiff, and E. Ullman, M. Block, J. Baach and others were defendants. Court below dismissed the bill of Moore praying that a certain deed made by Baach to Ullman, trustee, to secure a debt to Block, be set aside as fraudulent.

Opinion states the case.

*Christian & Christian* and *Witt & Caskie* for the appellant.

*B. H. Nash, Guigon* and *Cannon & Courtney*, for the appellees.

Lacy J., delivered the opinion of the court.

The case is as follows: On the first day of July, 1882, the appellant, Moore, filed his bill against the appellees, charging that on the 16th day of March, 1882, the appellee, Jacob Baach,

made a fraudulent deed of all his property to the appellee, Ullman, in trust, to secure a pretended and fraudulent debt to the appellee, Block; seeking by his bill to set aside this deed as intended to defraud him, the said Moore, of his debt against the said Baach, which amounted to $4,000. That Baach owed Block nothing; that Block had an interest in the store as partner; that the appellee, Ullman, had accepted the trust, and was about to sell under the deed.

The injunction was awarded, Moore's bill was amended, the account of Moore against Baach filed. Ullman, Baach and Block all answered, the latter denying the allegations of the bill.

The depositions of Moore and Baach were taken, and of many other witnesses. Block did not give his deposition, nor did he file or put in evidence the notes or bonds which evidenced his debt; and the books of Baach, who was a merchant, were not exhibited.

The cause coming on to be heard in the chancery court of the city of Richmond, on the 10th of May, 1883, the judge of that court being of opinion that the charges of fraud and copartnership, made by the plaintiff in his original and amended bills, are not sustained by the proofs in the cause, dissolved the injunction and dismissed the bills of the plaintiff.

From this decree Moore applied to this court for an appeal, which was allowed on the 26th of May, 1883.

The claim of Moore is not denied, but admitted, and is secured in the deed as a deferred debt, second to that of Block. Baach in his answer sets forth the debt due Block as based upon $300, borrowed April 18th, 1867, and that Block being clerk in his store received a salary of $20 per month and board, from January 1st, 1867, to January 1st, 1870. On the 13th of January, 1870, Baach executed his note for $720, the exact amount of the salary. From January 1st, 1870, to 1876, the salary was $300 per year, and a note was then executed for this sum, $1,800. From 1876 to January 1st, 1880, the salary was

$360, and a note was given in 1880, for $1,440; and then gave a bond payable twelve months after date. That at different times he had paid Block $195, the times not now remembered by him. That he was always willing to pay Block, and able to do so up to January 1st, 1881, and Block was willing to leave his money with him, and his reverses came in 1880 and 1881, and continued until they overwhelmed him in 1882.

Block answered, and set forth the same ground for the indebtedness. He gives dates to the $195 paid, and says $100 was paid in 1880, as *part* of interest on the $300 loan.

This debt to Block is claimed to be fraudulent and pretended, by the appellant. He offers evidence to show that Block came to his store from Germany in 1867, a youth about eighteen years of age, to live with Baach, who had married his sister; that he did not appear to have money; that he lived in the ordinary way, dressed neatly, was economical as could be expected for a person who lived in a store; could not have lived without drawing upon his small salary to some extent. That he never had claimed to have any money, and had sworn to his property returns year after year, listing only at the best a $10 watch, and personal property in all at $40; and for many years listed nothing. That while Baach had professed to owe him this account for salary for all the years from 1867 to 1880, for continuous and unbroken service as his clerk, that Block had not lived with Baach all the time during these thirteen years, but had been employed by a merchant in Richmond, named Gunst, for a year during this time—Baach's store being out in Chesterfield county, at the village of Midlothian, about twelve miles from Richmond.

There is certainly something very unusual in the account stated by Baach as due to Block, and secured in the deed. It is the salary of Block in full, month by month, for thirteen years. He had laid up *every dollar* of his earnings, and while he was thus saving of his money, he seemed to have never thought of interest when the salary was consolidated and a

note executed therefor. He says he collected $100, part of the interest on the $300. What became of the residue of the interest? None appears to be provided for in the deed when the bond is given in 1880. And how does it happen that this young man who was so careful of his salary for thirteen years, got none in 1880, 1881, 1882?

It is a damaging circumstance to Block, that when he is thus assailed, his debt put in jeopardy by these witnesses, that he stands by and says nothing. He had answered, and had a right to rely upon the weight of his answer.

But his answer is contradicted by many circumstances. If he did not live in Richmond one year in other business, during these thirteen years, he could have proved where he lived. If he had sworn that he had no personal property, when he in fact was the owner of thousands, *well secured*—if there was any explanation he was the person to give it. If he had other property than his salary, and chose to live on that, and not draw the salary for all these years, and give away the interest, he alone could prove it, his brother-in-law, Baach, having stated that he did not look into his pocket when he came to his house, and did not know whether he had money or not. And the bulk of the debt to Moore having been contracted a few months before the deed was made, for groceries to go into the store; he kept the store, and he might have explained how it was that the personal property had dwindled down to $1,500 so suddenly. Are we not bound to presume that Block could not afford to go upon the stand and subject himself to cross-examination?

Justice Blatchford said, in the case of *Bowden* v. *Johnson*, 107 U. S. S. C. R. 251: "Under all these circumstances, the omission of Johnson to testify as a witness for himself, in reply to the evidence against him, is of great weight. This case, on the whole, is brought within the principle asserted by Mr. Chief Justice Marshall, speaking for this court, in *Clark's executors* v. *Riemsdyk*, 9 Cranch, 153, as a case where the evidence arising

from the circumstances is stronger than the testimony of any single witness."

Greenleaf states, as a rule, that the sufficient evidence to outweigh the force of an answer, may consist of one witness, with additional and corroborative circumstances, which circumstances may sometimes be found in the answer itself; or it may consist of circumstances alone, which, in the absence of a positive witness, may be sufficient to outweigh the answer even of a defendant who answers on his own knowledge. Greenleaf on Evidence, vol. III, sect. 289.

Judge Burks, in *Jones* v. *Abraham*, 75 Va. 466, cites this same opinion of Chief Justice Marshall, with approval; and cites 1 Dan. Ch. Prac. 843, note 7, 4th Amer. Ed., as declaring that the answer may be disproved from corroborating circumstances alone, or from documentary evidence alone.

In the case of *Rea* v. *Missouri*, 17 Wall. 543, the court says that it is not necessary to prove fraud "by direct and positive evidence. Circumstantial evidence is not only sufficient, but in most cases it is the only proof that can be adduced."

As to the proof necessary to establish fraud, "it is not safe to undertake to define what degree or kind of proof will justify a court of equity in granting relief against fraud. For the proof must satisfy the conscience of the court, and no man would deem it prudent to attempt to define the extent of that indispensable qualification in a judge or a court, the requisite amount of his sense of justice. And men's views in weighing evidence are as varied as their forms or their features." 2 Story's Equity, vol. 1, sec. 190 *a*. The proof must be sufficient to satisfy the mind of the court.

While the court must be just as to the rights of the person charged with fraud, and cautious not to lend too ready an ear to the charge, the question must be justly and fairly considered with due regard to the rights of all parties.

We have briefly suggested the evidence of the plaintiff. How are we to explain the fact that Block suffers this attack to be

made not only on his debt, but on his character for honesty in making false returns of his personal property, and does not come upon the stand and give his deposition to rebut these charges, and account for and explain the inconsistences set up between his answer and the facts as they are said to exist. Did he live in Richmond one year, and work for Gunst, and yet Baach was good enough to pay him his salary just as though he were working with him? Or did Baach and he, when the salary was added up, and the note given, *forget* the year's absence, or was this year's absence all a mistake after all? Did he for so many years falsely return his personal property account while he was possessed of large property in good bonds? Why did he not come upon the stand and testify? Are we not bound to conclude with Mr. Justice Blatchford, that his failure to testify is a circumstance of great weight?

In the view we take of the case, it is perhaps not at all necessary to go into the question of partnership, but it is a circumstance to be remembered, that while Block, during the time his all was at stake, never once exhibited his bonds, and Baach, during the time he is said to have had Block for a partner, according to his own statement, had stopped paying Block a salary, and that his mercantile books and accounts are nowhere exhibited in the cause.

We think the fraud is established. We are satisfied that this debt to Block is an afterthought, and that this deed was made with the intent to defraud the appellant, Moore, the creditor of Baach, and is void, and should have been set aside as such, and relief granted to the said Moore, according to the prayer of his bill. And the decree of the chancery court dissolving the injunction in the cause, and dismissing the bill of the plaintiff, is erroneous, and the same will be reversed and annulled, and the cause remanded with instructions to reinstate the injunction, and to decree against the defendants the payment of the debt to Moore, and to proceed to final decree in the cause to that end.

The decree was as follows:

This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the chancery court of Richmond city, erred in its decree of May 10th, 1883, in deciding that there was no fraud in the trust deed of the appellee Baach to Ullman, trustee, and in dissolving the injunction in the cause and dismissing the bills of the plaintiff Moore, and that the said decree is wholly erroneous: it is therefore decreed and ordered, that the said decree be reversed and annulled, and that this cause be remanded to the said chancery court at Richmond, with instructions to reinstate the said injunction, to set aside the said trust deed from Baach to Ullman, trustee, as fraudulent and void as to the debt to Block, and to proceed to grant relief to Moore, the appellant, in accordance with the prayer of his bill, and to proceed in the said cause to a final decree therein, in accordance with the foregoing opinion and the views herein.

It is further decreed and ordered, that the appellees do pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here; which is ordered to be certified to the chancery court of Richmond city.

DECREE REVERSED.