# Richmond.

## FARLEY AND AL. V. TILLAR.

### JANUARY, 7th, 1886.

1. APPELLATE COURT—*New trial—Certificate of evidence—Rule.*— Where bill of exceptions to opinion of court below refusing new trial, sets out the evidence, and not the facts, this court will not reverse the judgment, unless, after rejecting all the exceptor's parol evidence, and giving full faith to that of the adverse party, the said judgment still appears to be wrong.

2. MARRIED WOMEN'S ACT—*Parties— Witnesses.*—Under act, approved April 4, 1877 (Acts 1876-77, p. 333), a married woman may sue and be sued, on her contracts, as to her separate property, and as sole trader, just as if she were a *feme sole;* but her husband must be joined with her in the suit. In such suit, she is a competent witness for herself, but he is not for her. *Hayes and Wife* v. *M. P. A.*, 76 Va.. 228.

3. IDEM—*Practice at common law—Instructions.*—At trial of unlawful detainer against a married woman, under that act, her husband being joined, it is not error for the court to instruct the jury that no verdict or judgment can be rendered against him in the action ; nor that, if they believe from the evidence that she, as such sole trader, had rented and taken possession of the property, and un awfully withholds it from plaintiff, they shall find for plaintiff; but that the burden is on plaintiff to prove these facts. Nor is it error to reject an instruction that under said act every contract of married women is invalid, unless joined in by her husband ; nor instructions as to husband's being in possession of the property before suit, and holding on up to trial, lawfully or unlawfully, and as to the defendants' right to a verdict because husband was not allowed to testify and prove his own possession ; nor instructions not relating to any evidence in the case.

Error to judgment of circuit court of Greenesville, rendered April 29, 1884, affirming judgment of county court of said county, rendered January 10, 1884, in an action of unlawful detainer, wherein B. D. Tillar was plaintiff, and Mrs. Kate T. Farley and her husband, P. R. Farley, were defendants.

The object of the action was to recover possession of a hotel in Hicksford, which, it was alleged, Mrs. Farley had rented, as a sole trader, of the plaintiff, and unlawfully withheld. The verdict and judgment in the county court being for the plaintiff, the defendants took the case to the circuit court on error, and it having affirmed the judgment, the defendants obtained from one of the judges of this court a writ of error and *supersedeas*.

Opinion states the case.

*John Lyon* and *Collier & Budd*, for the plaintiffs in error.

*Friend & Davis* and *F. S. Blair*, for the defendants in error.

LACY, J., delivered the opinion of the court.

The case is as follows: In January, 1882, P. R. Farley and his wife, Mrs. Kate T. Farley, came to the town of Hicksford, in the county of Greenesville, to look at the hotel called the "Cato House," the possession of which is the subject of this controversy, and which is the property of the defendant in error, B. D. Tillar. Upon inspection of the house, which was then somewhat out of repair, Tillar and Farley agreed upon a contract, by which Farley was to pay Tillar twenty-five dollars per month for one year, the house to be shortly repaired by the owner, and when the repairs commenced the rent should cease until their completion, after which the rent should be at the rate of ten per centum per annum upon the cost of the

property to the owner, including the repairs, then in contemplation.

These repairs were commenced in the summer of that year, when Tillar and Farley had a settlement of the rent to that date, settling at $20 per month, instead of the $25 agreed on. There was a bar-room across the street, used with the hotel, not disturbed by the progress of the work on the hotel, and upon which Farley continued to pay rent up to the end of that year. In the fall of 1882, Tillar and Farley failing to agree upon the rent for the hotel—after the completion of the repairs, which were then nearing completion, Tillar demanding ten per centum per annum upon $10,000, the alleged cost of the hotel, including the repairs, and Farley being unwilling to pay so much—and Tillar, losing confidence in Farley's solvency, he refused to rent the hotel to Farley unless his wife would unite in the contract, it having transpired that Farley had resorted to the expedient of doing business as agent, his license being granted to him in that way, and supplies coming to him in that way, and the goods not so marked, being marked in his wife's name, except the goods bought of Tillar, which were bought in Farley's own name. And an execution, issued for Tillar's benefit, having proved unavailing, Mrs. Farley having claimed that the furniture in the hotel all belonged to her, and her husband having exhibited to the sheriff receipts for the furniture in the name of his wife, the sheriff declined to levy the execution, and Tillar sought other tenants.

At this juncture, when the rupture between Tillar and the husband seemed complete—on the 12th of December, 1882— the wife addressed the following note to Tillar :

"If you are not too busy, will you be so kind as to come over for a little while. I wish to see you on particular business.

"K. T. FARLEY."

Tillar responded to this call from Mrs. Farley, and rented the hotel to her at the sum of $500 per year from the time the house was completed, and rented her the house up to that time without fixing the rent to be paid, the same to be fixed by arbitration if no subsequent agreement was arrived at between them.

On the 4th of April following, the first quarter of the year having expired, Tillar came to collect rent on the hotel, and put it at $20, the price heretofore paid before the repairs were commenced. Mrs. Farley refused to pay any rent, and contended that no rent was due. Upon this disagreement Tillar proposed to release his claim for rent if Mrs. Farley would give up the hotel. Mrs. Farley, after consultation with her husband, agreed to this, and signed the following agreement: " I hereby agree to give up the hotel at Hicksford to B. D. Tillar within ten days by his releasing all rent to date for hotel.

"K. T. FARLEY."

This agreement was delivered to Tillar by Mrs. Farley in the presence of her husband. After the expiration of the ten days Mrs. Farley continued to hold possession of the hotel, and refused to give it up to B. D. Tillar. Whereupon suit was instituted by Tillar against Mrs. Farley; and her husband joined with her as a defendant.

Upon the trial there was a verdict and judgment for the plaintiff against Mrs. Farley alone, it appearing that her husband was not withholding the premises. From this judgment Farley and wife went by writ of error to the circuit court of said county, and the same being there affirmed, it was brought to this court by writ of error to the judgment of the said circuit court.

The first error assigned here to the ruling of the county court is the refusal of the court to allow the husband to testify

in favor of his wife, at her motion. This is a suit against the wife, it being in this case a suit against a wife who is engaged on her own account in renting and keeping a hotel. Her husband was joined with her in this action, not because of any complaint against him, or any interest he is supposed to have in the subject matter of the dispute, but because, by the terms of the act of assembly, approved April 4, 1877, entitled an act securing to married women, on conditions, all property acquired by them before or after marriage, he is required to be joined with his wife in any action by or against her. This suit is exclusively against the wife; no judgment is sought, and none obtained against the husband; he is a mere nominal party, joined with her because the statute so requires, without any interest in the subject matter of the suit. The wife is the interested party, and she is allowed to testify under our statute, notwithstanding such interest. Code 1873, chapter 172, sections 21–22.

Under that statute, the common law, as to incompetency of husband and wife to testify for or against each other, is preserved expressly. The husband could not testify in this case without testifying for or against his wife; and while she is enabled to testify under the statute above referred to, notwithstanding her interest, she would not be competent to testify if her husband had any interest in the controversy, and her husband is incompetent to testify because of the interest of the wife.

This question was considered and discussed by this court in a case arising on the suit of the wife under the married woman's act, *supra*, in which this court held the wife competent to testify because it was her suit to recover her separate property, and that the husband had no interest, but was a nominal party only, joined in obedience to the statute, but having no interest, and not liable for costs. *Hayes and Wife* v.

*Virginia Mutual Protection Association*, 76 Va. 228—opinion of Anderson, J.

In this case the wife was allowed to testify without objection. The attempt to introduce the husband to testify in her behalf was properly overruled. Under the act of assembly above cited, known as the married woman's act, radical changes are made in the legal capacity and property rights of married women. It provides that any property, real or personal, acquired by a married woman, as a separate and sole trader, shall not be subject to the disposal of her husband, nor be liable for his debts, and shall be and continue her sole and separate property.

Her right to do business on her own account, to acquire property for herself, to make and to collect debts, and incur obligations growing out of her business transactions, is thus established by the act as though she were a *feme sole*. These powers, and increased and enlarged capacities, carry with them their corresponding responsibilities. If she may enforce her contracts against others, others may enforce her contracts against her. In the language of the law, she may sue and be sued as a *feme sole*. While she might enforce her lease made with Tillar for the renting of his property, where she contracts with him to deliver up his property for a consideration, he may compel her compliance therewith.

The next assignment of error which we will consider is the exception to the ruling of the court in refusing to set aside the verdict and grant the defendants a new trial. In this case the court has certified the evidence, and not the facts proved. We must consider the evidence in this court upon this motion in accordance with principles now well established in this court— upon the evidence adduced by the plaintiff in the court below, the defendant in error here—rejecting the parol evidence of the defendant in the court below, the plaintiff in error here.

It appears upon this evidence that the verdict and judgment in the court below were plainly right. The plaintiff was clearly entitled to recover upon the evidence adduced at the trial, and the court below did not err in overruling this motion.

The other assignments of error relate to the instructions asked by the defendant and refused by the court, and those given by the court.

There is no error in the first instruction given by the court of which the plaintiffs in error can complain. It is substantially what they asked for as their first instruction. The second and third instructions given by the court were only the propositions contended for by the said defendants, and embodied in their second instructions. The third, fourth, fifth and sixth instructions asked for by the defendants at the trial, were properly refused by the court.

The third instruction, as to the husband's continued possession of the hotel, and maintaining his right to hold the same, whether lawfully or unlawfully, and asserting the right of the defendants to a verdict, because the husband had not been allowed to testify, was properly refused—the husband was not a competent witness, as has been already stated.

The fourth and fifth instructions could have no application to a case like this, where the complaint is, that the wife is unlawfully withholding the property of another. As to this question, a sole trader would stand related precisely as any other person, and the consent or non-concurrence of the husband could have no effect whatever; he could neither give nor effectively withhold any valid consent in such case.

The sixth instruction was also properly refused. It was wholly inapplicable to the case in hand. This was an action, as we have said, against the wife. P. R. Farley was a nominal party only, and there was no evidence in the cause to which this instruction could relate, and the giving or refusing

it could in no way have affected the result, and it was properly refused.

Upon the whole case, no other conclusion could have been justly reached. The result of the trial was plainly right, and the judgment of the court below must be affirmed. And there was no error in the judgment of the circuit court, affirming the same, and the said judgment of the said circuit court must be affirmed with costs against the plaintiffs in error, P. R. Farley and Kate T. Farley.

JUDGMENT AFFIRMED.