## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

.83  445
93  515

## BURSON v. ANDES AND WIFE.

### JUNE 16th, 1887.

1. PRACTICE IN CHANCERY—*Husband and wife—Married women's act.*—
   Under Acts 1876–7, pp. 333–4, in suit to recover wife's separate prop-
   erty, husband and wife must be joined as complainants. *Farley* v.
   *Tillar*, 81 Va. 275.
2. PRINCIPAL AND SURETY—*Release of surety.*—Surety is entitled to have
   the instrument whereby he binds himself for principal's liability
   strictly construed; and any agreement under which the time for
   principal's performance is enlarged, without surety's assent, releases
   him.
3. IDEM—*Case at bar.*—A. and wife executed deed of trust on her separate
   property to save harmless B. as endorser for A. for $500, and any sums
   B. might lend A.  Deed recited that if within twelve months A. paid
   the said $500, the deed should be void, else enforced.  The note of A.
   endorsed by B. was renewed three times during the said period, when
   B. gave A. $500 to pay the third note, and took therefor from the firm
   of A. & Co. a fourth note for that sum, payable at a day subsequent
   to the expiration of that period.
HELD:
   1. The time of payment of all sums intended to be secured by the
      trust deed was limited to the period of twelve months from its
      date.
   2. The dealing with the note for the $500, whereby the time of pay-
      ment was extended beyond that period, and the taking of the
      note of A. & Co., payable beyond the same, released the trust
      property.
4. NOTARY'S CERTIFICATE.—In absence of fraud, certificate of notary of
   acknowledgment of deed is conclusive evidence of all stated therein,
   as required by statute. *Haskins* v. *Forsyth*, 11 Leigh, 306.

Appeal from decree of the circuit court of Washington county, rendered eighteenth May, 1885, in the cause of M. D. Andes and India A., his wife, against Z. L. Burson and others. The object of the suit was to annul a certain deed of trust executed by Andes and wife on her separate property to secure Burson as endorser for Andes on a loan of $500 to him, and also the sale which was made under it. The decree being in favor of complainants, the defendants appealed. Opinion states the case.

*White & Buchanan* and *A. H. Blanchard*, for the appellants.

*Wm. F. Rhea*, for the appellees.

HINTON, J., delivered the opinion of the court.

In appears by the record in this case that, on the sixth day of September, 1880, M. D. Andes and India A., his wife, executed a deed of trust to one A. H. Blanchard upon a house and lot in the town of Goodson, Va., owned by the said India A. Andes as her separate property, the principal if not the only, object of which said deed was to secure the appellant, Z. L. Burson, against any loss or damage as endorser upon a note of the said M. D. Andes for five hundred dollars. This note was renewed by the bank until the twentieth day of July, 1881, when Burson, instead of having the note renewed, lent Andes the money with which to pay the note, and took from him a note of M. D. Andes & Co., dated on that day, and payable sixty days after date to the order of said Burson for the same amount of five hundred dollars. On the first day of November, 1881, Burson loaned Andes five hundred dollars more, and received from him the note of M. D. Andes & Co. for the same amount, payable fifteen days from that date to

Burson.   Afterwards, Andes having failed to pay the sums evidenced by these two last mentioned notes, the trustee, Blanchard, sold the house and lot to Burson, who was the highest bidder, for the sum of $1,050.   A conveyance was made to him on the third day of March, 1882, and thereupon he appears to have taken possession of the said property.   In this state of the case Mrs. Andes, who joins her husband with her, as she says "to conform to the statute in such cases made and provided," filed her bill, in which she alleges, amongst other things, that she had only consented to execute a deed of trust upon the said property for the specific purpose of securing Burson against any loss or damage by reason of his being security or endorser on the note for five hundred dollars, and for no other purpose; that the deed of trust contained provisions to which she had never assented and which were never brought to her knowledge when she signed it, and that it was not, therefore, binding upon her.   She charges that Burson conspired with her husband in making the trust different from the trust they knew she had agreed to execute, and that a fraud was thus practiced upon her which made the said trust deed invalid as to her; that the certificate of the notary who took the acknowledgment is untrue, because the deed was never explained to her by him as the statute requires he should have done, and as he certifies he did, and therefore does not bind her; that if the trust deed was valid at the time of its execution, yet that she could only be held liable for any indebtedness which had been incurred in pursuance of its provisions within the twelve months for which it was to run; and that if she could have been liable in any event for the five hundred dollars advanced by Burson to her husband to pay his fourth renewed note, that she had been released from such liability by the action of Burson in receiving and accepting the negotiable note for that sum made and executed by M. D. Andes &

Co., which did not fall due nor become collectible until fourteen days after the expiration of the time within which all sums secured by the deed were to become payable, to-wit: the period of twelve months from its date. The prayer of the bill was that the trust deed might be set aside and annulled, and the sale and deed made by the trustee to Burson of the house and lot might also be set aside and annulled, and that Burson might be required to refund the whole amount of rents he had collected for said property, and for general relief. At the hearing the court below decreed in accordance with the prayer of the bill, and from this decree the appellant, Burson, has appealed. In his petition he makes several assignments of error, only three of which, however, seem to me to require notice. The first of these assignments of error is, that the demurrer to the bill should have been sustained, because where a suit is instituted by a wife for the protection of her separate property against creditors of the husband, the husband cannot legally be joined as plaintiff, his interest in the case being adverse to that of his wife. And in support of this view he cites 1 Daniel's Chy. Pr., note 9; Story's Eq. Pl., § 63; Mitford & Tyler's Eq. Pl. 123, and note, and Sands' Suits in Eq. 207. But the obvious reply to this objection is, that no matter what may be the proper practice, in the absence of any statutory regulation on the subject, that in this case the matter is controlled by the statute which in express terms requires that the husband should be joined with the wife. Acts 1876–7, p. 333. *Farley* v. *Tillar*, 81 Va. 275.

The second assignment of error which I shall notice is that the sale of the house and lot should have been upheld, because Burson became the surety of Andes and loaned him the money in reliance upon the deed of trust, and the house and lot were intended to secure him for so doing. Now, is this suggestion true in its entire length and

breadth? Conceding that Burson was induced, in the beginning, to become endorser for Andes for the sum of five hundred dollars, and conceding also, upon the proofs in the cause, that the charges of fraud and collusion made against the appellant in the bill are not sustained, and that in the absence of fraud the notary's certificate of the acknowledgment must be deemed conclusive (see *Haskins* v. *Forsyth and others,* 11 Leigh, 306) of all the facts stated in the acknowledgment and required by the statute, is it true that the appellant *loaned* M. D. Andes any part of the one thousand dollars, for the payment of which this property was sold, in reliance upon the deed of trust, or in pursuance of its provisions? To this inquiry I think but one answer can be given, and that it must be the same as that given by the learned judge of the circuit court. For whilst the deed of trust does contain certain language which, taken by itself, might seem to justify the idea that it was intended to secure whatever sums M. D. Andes might borrow of Burson, it is perfectly manifest from the provision that "if the said M. D. Andes pay the aforesaid five hundred dollars, &c., with its accrued interest, &c., within the time specified in this deed, then the above is to be void and of no effect," and the clause requiring the trustee to proceed to subject the property of said Andes, should he fail to make payment, that it was only intended that the deed should stand security for such sums of money as might be loaned and become payable within the period of one year, or twelve months from the date of the deed. Here Mrs. Andes is placed, by having mortgaged her property for him, in the position of a surety for her husband, and is therefore entitled to have the provisions of the deed strictly followed. Now, if we are right in these views—and there seems to be no escape from them—it is clear that the fourth note for $500, which was endorsed by Burson and discounted by the bank, could not be so renewed or otherwise

dealt with as to extend the time of payment beyond twelve months from the date of the deed of trust. And as Burson must have been aware that the security of the deed of trust was limited to that period, it seems equally clear that he deliberately surrendered the security of the deed of trust when he loaned Andes $500 with which to pay off the renewal note, and accepted the note of M. D. Andes & Co., which could not become payable until after expiration of the deed of trust. In any event, whether he knew it or not, such was the legal effect of the transaction. *Calloway's Ex'or* v. *Price's Adm'r*, 32 Gratt. 1; *Rees* v. *Berrington*, 2 Lead. Cas. in Eq., part 2d, p. 1867.

It follows that the decree of the circuit court of Washington county is right, and must be affirmed.

DECREE AFFIRMED.