## Richmond.

ARMSTRONG, CATOR & CO. v. LACHMAN ET ALS.

APRIL 17th, 1888.

Absent, Richardson, J.

1. FRAUDULENT CONVEYANCES—*Proof.*—Whilst no rule can be laid down as to the extent of evidence required to set aside a conveyance as fraudulent, it must satisfy the chancellor's conscience, and it may be, and generally must be, circumstantial. *Witz, &c.,* v. *Osburn,* 83 Va., 227.

2. IDEM—*Case at bar.*—Husband, as wife's agent, bought goods by false statements as to his means. Within three months they granted all the goods in her store at M. in trust to secure alleged debts to her father and brother. Latter had no visible means and returned on oath his property for taxation at five dollars. Nearly seven thousand dollars' worth of goods down to about one thousand five hundred dollars, in her store had disappeared, and also numerous trunks of husband. Father had carried numerous new trunks full of something and had shipped large quantities of goods, out of his line, by rail to his store in N. C., and plaintiff's clerks had identified those goods sold by them to defendant:

HELD:

Evidence ample to stamp the trust deed as fraudulent.

Appeal from decree of circuit court of Henry county, rendered July 20th, 1887, in the suit wherein Robinson W. Cator and others, partners in the name of Armstrong, Cator & Co. and others, were complainants, and Louis Lachman and Mollie, his wife, Lippman Lachman, N. H. Hairston, trustee, M. Harris, and William Harris were defendants. The object of the suit was to annul as fraudulent a trust deed made July

13th, 1886, for the benefit of certain alleged creditors of Mollie Lachman. The court dismissed the bill for want of evidence of the fraud. The complainants obtained an appeal and writ of *supersedeas.* Opinion states the case.

*Anderson & Staples,* for the appellants.

*Green & Miller, Hardaway & Hairston,* and *H. G. Cannon,* for the appellees.

LACY, J., delivered the opinion of the court.

The bill was filed July 23, 1886, having for its object the overthrow of a deed in trust, executed by the Lachmans, the appellees, during that month, preferring a debt of nine hundred and fifty dollars to M. Harris, the father of Mrs. Lachman, and a debt of one thousand one hundred and fifty dollars to Lippman Lachman, clerk, and brother of Mr. Lachman, and a small debt of one hundred and twenty-five dollars due their landlord, admitted to be due, and deferring debts of six thousand eight hundred and seventy-one dollars and three cents due to the appellants, twelve mercantile firms, from which goods of that value had been bought the April preceding. A receiver was appointed, and the goods realized when sold one thousand two hundred and thirty-three dollars and seventy-three cents. The evidence was taken, and the case heard, when the circuit court dismissed the bill, being of opinion that the evidence was insufficient to establish the charge of fraud, and establish the allegations of the plaintiffs' bill, and ordered the proceeds of the sales of the goods to be paid over to the defendants or their counsel; whereupon the plaintiffs applied for and obtained an appeal to this court.

The chief question raised by this appeal is as to the sufficiency of the evidence to establish the charge of fraud made by the bill. As to the proof necessary to establish fraud it is

not safe to undertake to define what degree or kind of proof will justify a court of equity in granting relief against fraud, for the proof must satisfy the conscience of the court, and no man would deem it prudent to attempt to define the extent of that indispensable qualification in a judge or a court. The requisite amount of his sense of justice and men's views are as varied as their forms or their features. 1 Story, Eq. Jur., §190. The proof must be sufficient to satisfy the mind of the court. While the court must be just as to the rights of the person charged with fraud, and cautious not to lend too ready an ear to the charge, the question must be justly and fairly considered with due regard to the rights of all parties. It is not necessary to prove fraud by direct and positive evidence. Circumstantial evidence is not only sufficient, but in most cases it is the only proof that can be adduced. *Moore* v. *Ullman*, 80 Va., 311, and the cases cited. It appears from the evidence in this case—denied, but proved nevertheless—that Louis Lachman, as the agent of Mollie Lachman, his wife, in whose name the business was conducted at Martinsville, Henry county, Virginia, went to Baltimore in April, 1886, and bought from the appellants large quantities of goods, paying small amounts in cash, and securing credit as to $6,871 03; obtaining credit by extravagant and false statements as to his wealth, and his entire freedom from debt; that early in July he conveyed the property in the store of his wife to a trustee to secure a debt due her father by note of May 14th, of $850, and check of $100, of April 14th, and $1,025—three notes—April 28th, for $250; May 1, 1886, for $625; and July 1, 1886, $150—to her husband's brother and her clerk, a thriftless youth, who had no business capacity, no visible means, and who had himself on oath shortly before returned to the commissioner of the revenue his entire estate at five dollars. The $6,871 03 worth of goods, to say nothing of the cash values bought there in April, had disappeared down to $1,200 or $1,500 gross value, leaving no trace on books, nor in the money drawer, nor bank deposit.

In this aspect of the case the evidence was procured and adduced that the father, who had a store adjoining, in Martinsville, had removed to Reidsville, N. C., and that then large numbers of trunks had been purchased by Lachman, which had disappeared without the knowledge of his clerk; that numbers of new trunks had been carried by the Harris family from Martinsville to Reidsville, by the railroad, full of something; they frequently coming to Martinsville empty handed, and returning heavily laden with baggage in new trunks. It is also proved that packages were shipped by rail by Harris to himself in the months of April, May, and June, amounting to 5,211 pounds, from Martinsville to Reidsville, as shown by the books of the railroad company, alleged to contain goods not belonging to the said Harris' line of business. Suspicion being thus pointed to Harris' store at Reidsville, the same was examined by witnesses, whose testimony has been taken, who had been the selling clerks of the appellants, and had sold these goods to Lachman, when these very goods sold to Lachman were detected in the store of Harris, at Reidsville, the said clerks identifying not only the goods, but the writing of their own hands on the tags. There can be no doubt that these goods were fraudulently shipped to Reidsville, and I think it is equally clear that the debts of M. Harris and Lippman Lachman are merely fictitious claims. Lippman Lachman has not testified, and gets nothing under the deed, although apparently preferred. M. Harris has testified, but he is utterly discredited by the evidence in the cause. Louis Lachman could not legally testify by reason of his wife's interest, while she is not disqualified by reason of her own interest. *Farley* v. *Tillar*, 81 Va., 275; *Jones* v. *Degge, ante*, p. 685. While the debt to John P. Lavender is untainted by the fraud of the trust deed, and must be paid in full. *Witz, Biedler & Co.* v. *Osburn*, 83 Va., 227, and cases cited. We are of opinion that the circuit court erred in holding that the fraud was not proved, and dismissing the plaintiffs' bill, and the decree complained of will

be reversed and annulled, and the cause remanded to the circuit court of Henry county, to make distribution of the fund in accordance with the foregoing views.

DECREE REVERSED.