BOTTOMS v. NEUKIRCHNER.

Opinion Filed May 9, 1911.

Rehearing Denied June 27, 1911.

(116 Pac. 434.)

1.    STIPULATIONS—Effect. Where a cause was referred to a master prior to statehood, whose report was filed subsequent thereto, and thereafter the court tried said cause upon the following stipulation: ''That by agreement of parties at one time made and was at the time the cause was submitted to him he was to consider said cause without intervention of any report of the master, and the court heard the case as though no master's report had ever been made or filed,'' the losing party is not in a position to predicate error upon the action of the court in overruling his motion to confirm the report of the master.

2.    EQUITY—Fraud—Evidence. Fraud must be shown and proved at law. In equity it suffices to show facts and circumstances from which it may be presumed.

(Syllabus by the Court.)

*Error from District Court, Garvin County; R. McMillan, Judge.*

Suit by Clara Neukirchner against Z. T. Bottoms and others. Decree for plaintiff, and defendant Bottoms brings error. Affirmed.

*Cruce, Cruce & Bleakmore,* for plaintiff in error.

*J. T. Blanton* and *H. M. Carr,* for defendant in error.

KANE, J. This was a suit in equity, commenced by the defendant in error, plaintiff below, an intermarried white woman, against J. B. Dickerson and plaintiff in error, Z. T. Bottoms, to cancel a deed made by her to said Bottoms conveying about 120 acres of land; said land being surplus allotment in the Chickasaw Nation. The petition sets out at great length the specific facts upon which the plaintiff bases her cause of action, but, in substance, they amounted to a charge that the defendants by certain fraudulent acts, misstatements, and misrepresentations induced the plaintiff to execute the deed to the land in controversy for a grossly inadequate consideration. The answer of the defendant Bottoms (defendant Dickerson not appearing) amounted

to a general denial. His contention was that his trade with the plaintiff was open and fair and free from fraud and deceit of any kind on his part; that the price he paid was all the land 'purchased was then worth, and more than such claims were generally selling for; that said defendant knew nothing whatever of any arrangement she had with J. B. Dickerson, and knew nothing of any dissatisfaction on the part of plaintiff for many months after the closing of said deal. Upon trial before the court without intervention of a jury, there was a decree in favor of the plaintiff for the recovery of the land from the defendants Bottoms and Dickerson, and cancellation of the deed against Dickerson and a judgment in favor of the defendant Bottoms for the sum of $500, the court finding that to be the consideration paid by Bottoms for the land in controversy. To reverse this judgment this proceeding in error was commenced by defendant Bottoms, plaintiff in error here.

Of the numerous errors assigned, there are but two argued by counsel in their brief: (1) That the court erred in overruling defendants' motion to confirm the report of the master in chancery; and (2) that there was not sufficient evidence adduced at the trial to warrant the court in finding against the defendant on the question of fraud.

We do not believe the first question is reviewable. The cause was referred to the master prior to statehood, and his report returned subsequent thereto, but no decree was entered thereon. Subsequent to statehood the court heard the case as though no report had been filed, and entered its decree. The report recited: "That by agreement of parties at one time made and was at the time the case was submitted to him he was to consider said cause without the intervention of any report of the master, and the court heard the case as though no master's report had ever been made or filed." We think this agreement of counsel entirely eliminates from consideration by this court the first question raised.

On the second point we have examined the evidence with care, and believe that it is sufficient to support the decree of the

chancellor. It seems that a lesser degree of proof is required to establish fraud in equity than in law. *Moore v. Adams et al.,* 26 Okla. 48, 108 Pac. 392; *Myrick v. Jacks,* 33 Ark. 425; *Lester v. Mahan,* 25 Ala. 445, 60 Am. Dec. 530; *Arnold v. Grimes,* 2 G. Greene (Iowa) 77; *Orton et al. v. Madden et al.,* 75 Ga. 83. The Arkansas case above cited held that fraud must be shown and proved at law. In equity it suffices to show facts and circumstances from which it may be presumed. This case was decided by the Supreme Court of that state at its May term, 1877. The same Code of Procedure relative to law and procedure was then in force as was afterwards extended to Indian Territory by act of Congress. It has been held by this court that prior construction of such procedure by the Supreme Court of Arkansas was also brought over. *Nat. Live Stock Comm. Co. et al. v. Taliaferro et al.,* 20 Okla. 177, 93 Pac. 983; *C., O. & G. Ry Co. v. Burgess,* 21 Okla. 653, 97 Pac. 271. We think that ample facts and circumstances were shown below from which fraud might be presumed. In *Armstrong, etc., v. Lackman et al.,* 84 Va. 726, 6 S. E. 129, this language is used:

"It is not safe to undertake to define what degree or kind of proof will justify a court of equity in granting relief against fraud, for the proof must satisfy the conscience of the court, and no man would deem it prudent to attempt to define the extent of that indispensible qualification in a judge or a court."

We are satisfied that the judgment of the court below ought to be affirmed. It is so ordered.

All the Justices concur.