## WHEELER v. PURSELEY et ux.

No. 10742—Opinion Filed Dec. 12, 1922.

(Syllabus.)

### Fraud — Elements — Reliance on Vendor's Representations.

Where the vendee is justified in relying upon the representations of the vendor as to the location of his land, the general rule applies that where one is justified in relying and in fact does rely upon false representations, his right of action is not destroyed because means of knowledge were open to him. In such a case, no duty in law is devolved upon him to employ such means of knowledge.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by H. M. Wheeler against J. J. Purseley and wife on note and real estate mortgage. Judgment for defendants, and plaintiff brings error. Affirmed.

Jas. R. Wood, for plaintiff in error.

G. T. Ralls and E. Moore, for defendants in error.

KANE, J. This was an action upon a promissory note and to foreclose a mortgage upon certain real estate given to secure the payment of the note, commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below. Hereafter, for convenience, the parties will be called plaintiff and defendants, respectively, as they appeared in the trial court.

The petition of the plaintiff was in the usual form, and admittedly states facts sufficient to constitute a cause of action.

The answer of the defendants was to the effect that the note and mortgage were given in pursuance of a contract relating to a land trade between the parties in the following circumstances, which they allege excuse them from payment:

It seems that the defendants were the owners of a 10-acre tract of valuable land situated near the town of Coalgate, and that the plaintiff was the owner of the tract of land described in the mortgage consisting of 270 acres. That by agreement between the parties the plaintiff sold the 270-acre tract of land to defendants, the latter agreeing to pay therefor the sum of $2,160, $760 of which sum was to be represented by a conveyance of the 10-acre tract of land and the balance, to wit, the sum of $1,400, to be

represented by the note herein involved. The defendants further alleged that the 270-acre tract of land was to be bought after they had opportunity to examine the same, and that in pursuance of this agreement the plaintiff undertook to show them the land for the purpose of examination; that instead of showing them the land involved the plaintiff fraudulently and deceitfully took them to another and more valuable tract of land, not owned by him, which was fully worth the price the defendants promised to pay for plaintiff's land, and told them that it was the land he was about to convey to them; that the land shown the defendants was in every way satisfactory to them; that the land the plaintiff actually owned and which he subsequently conveyed to them proved upon examination to be unsatisfactory to the defendants and was a very inferior and almost worthless tract of land, greatly less in value than the consideration the defendants agreed to pay therefor.

There were other allegations and proof to the effect that the defendants did not know. the location of the land, but wholly relied and acted upon the false and fraudulent representations of the plaintiff.

Upon trial to the jury there was a verdict in favor of the defendants as prayed for, on which judgment was duly rendered, to reverse which this proceeding in error was commenced.

While counsel for plaintiff in error presents their grounds for reversal under two propositions, there is really but one question of law to pass upon. Under his first proposition, "Did the trial court commit error in overruling plaintiff's demurrer to the defendants' evidence and in refusing to instruct and to direct the jury to return a verdict for the plaintiff?" counsel contends that the undisputed facts show that the case is governed by the rule of caveat emptor, which it is conceded is correctly stated in the case of Southern Development Co. v. Silva, 125 U. S. 247, as follows:

"Where the purchaser undertakes to make investigation of his own, and the vendor does nothing to prevent his investigation from being as full as he chooses to make it the purchaser cannot afterwards allege that the vendor made misrepresentations."

While we find no fault with the rule announced in a proper case, we do not think it applies to the case at bar.

It is true that according to the agreement the large tract of land was to be purchased upon examination by the purchaser, but when the owner, who, it may be reasonably assumed, knows the location of his own land, shows the prospective purchaser a tract of land which he does not own and fraudulently represents it to him as the land he is selling, certainly it cannot be said that the vendor did nothing to prevent the investigation from being as full as the purchaser chose to make it. Surely a prospective purchaser of land in these circumstances may rely upon the owner to know the location of his own land and to point out the same to the prospective purchaser.

The rule, as we have seen, is to the effect that if the purchaser investigates for himself and nothing is done to prevent his investigation from being as full as he chooses, he cannot say that he relied on the vendor's representations.

In the case at bar the purchaser undertook to examine the land for himself, but he did not undertake to find the location of the land. The vendor undertook to do this for him, and if he showed him the right land instead of fraudulently misleading him by showing him suitable land he did not own, then the rule "caveat emptor" would be applicable.

The fraud in this case consisted in the vendor showing the vendee the wrong land, representing it to be his own, and it cannot be said that the means of knowledge of where the land was located was as equally available to the vendee as to the vendor. Having been shown land which was in every way suitable for his purpose, the fact that he had eyes with which to see only added to the deception practiced upon him.

The vendee being justified in relying upon the representations of the vendor as to the location of his land, the general rule applies that where one is justified in relying, and in fact does rely, upon false representations, his right of action is not destroyed because means of knowledge were open to him. In such a case, no duty in law is devolved upon him to employ such means of knowledge. Byers v. Brisley et al., 81 Okla. 215, 198 Pac. 90; Werline v. Aldred, 57 Okla. 391, 157 Pac. 305; Kelley v. Robertson, 61 Okla. 85, 160 Pac. 46.

For the reasons stated, the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, McNEILL, MILLER, KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.