## THOMPSON v. DAVIS et al.

No. 11078—Opinion Filed Feb. 3, 1925.

Rehearing Denied May 5, 1925.
Rehearing Granted June 30, 1925.
Refiled March 8, 1927.

**1. Appeal and Error—Review of Instructions—Defective Brief.**

Rule 26 of the rules of this court provides: "Where a party complains of instructions given or refused. he shall set out in totidem verbis, in brief, separately, the portion to which he objects or may save exceptions." Where the party alleging error fails to comply with the rule, the requested instructions refused by the court will not be considered on appeal.

**2. Appeal and Error—Right to Complain of Favorable Error.**

Where an instruction given is more favorable to the complaining party than to his adversary, though not couched in phraseology acceptable to the complaining party, error cannot be predicated thereon.

**3. Trial—Demurrer to Evidence—Effect as Admission.**

A demurrer to the evidence admits all the facts which the evidence tends to prove, and all the inferences which may be reasonably and logically drawn from the evidence.

**4. Fraud—Deceit—Elements.**

Actual fraud consists of any act committed by a party to a contract or with his connivance with intent to deceive another party thereto, or to induce him to enter into the contract. 2. The suggestion as a fact, of that which is not true by one who does not believe it to be true. 3. The positive assertion in a manner not warranted by the information of the person making it, of that which is not true, though he believe it to be true. 4. Any other act fitted to deceive.

**5. Same—Misrepresentation—Right to Rely Upon.**

One who relies upon a material representation, which is false, is not precluded from recovering damages by reason of the fact that he had an opportunity to investigate for himself, and did not do so.

**6. Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

Questions of fact are for the jury, and where a cause is submitted upon proper instructions. the verdict of the jury will not be disturbed on appeal where there is any

material competent testimony reasonably tending to support the same.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, McClain County; F. B. Swank, Judge.

Action by Iva Davis and L. E. Davis, against W. F. Thompson, for damages for fraud practiced upon the plaintiff by the defendant whereby the plaintiffs were induced to convey certain lands to defendant. From judgment for plaintiff, defendant appeals. Affirmed.

C. G. Moore, for plaintiff in error.

Ben Franklin and L. T. Cook, for defendants in error.

Opinion by RUTH, C. For convenience, the parties to this action will be designated as they appeared in the court below.

The record discloses that plaintiff Iva Davis obtained title to certain lands in Mc-Clain county by inheritance from her father's estate, and was at the time of the transfer of title to her lands about 18 years of age; was married and had one child, a very young infant, in arms. Her lands consisted of about 45 acres. Plaintiff was inexperienced in business matters and did not know the value of her land, or any other lands. She took her baby and went to Purcell, Okla., intending to go to Washington, Okla., a town near her land, and sell her land. Defendant, who lived about nine miles from Purcell, and had known the plaintiff for a long period of time, saw her in Purcell, and on learning her mission, invited plaintiff to come to his home, and took her to his home and entertained her for one week. Although defendant had known plaintiff a long time, she had never before been in defendant's home, or entertained by him or his wife. During the weeks entertainment, the sale of plaintiff's land was discussed. Defendant advised her the land was worthless, that the title was bad; that it would cost about $200 to clear up the title; would cost $100 to get an abstract of title run down to date; that taxes were due and unpaid. That the attorneys in the partition suit wherein her father's estate had been partitioned were unpaid, and the purchaser would have to pay the attorneys; that there were heavy court costs unpaid, and that plaintiff's sister, C. O. Farley, was going to sue her and attach the land.

Plaintiff during her visit with defendant, wanted to go on to Washington to see a Mr. Cunningham, who had told her if she ever wanted to sell the land, he would give her as much as any one else would give.

Plaintiff had no means of transporting herself and baby to Washington, and defendant would not take her there. Defendant advised her against telephoning to Cunningham, and when she wanted to call the attorneys who represented the heirs in the partition of the estate, defendant advised against it, and stated the attorneys would charge her one-half what she obtained for the land.

Defendant offered her $200 and a second hand automobile for her land, and believing and relying upon the statements and representations of defendant, plaintiff was thereby induced to sign a deed conveying the land to defendant.

Plaintiff's husband came down from Oklahoma City and joined in the deed, and defendant gave them $10—just about enough to pay their expenses home. After considerable delay, plaintiff and her husband went to Purcell, and defendant gave them $190 and an old automobile.

Defendant drove the automobile over the Purcell bridge into the next county, and when they encountered a sandy road, defendant left these "innocents aboard," and after running about two miles, the auto went as dead as though it were "a permanent fixture attached to the land."

At the trial of the cause prominent attorneys familiar with land titles in McClain county testified that the title to plaintiff's land was perfect when she sold it. The attorneys in the partition proceedings testified they had been paid in full prior to the sale to defendant. Testimony was introduced to the effect that only ten or twelve dollars remained unpaid as costs in the partition proceedings.

The evidence further discloses defendant paid but $49.86 back taxes and sold 30 acres of the land within 30 days for $1,400 to Cunningham, he being the man who told plaintiff he would give as much as anybody else, if she ever wanted to sell.

Defendant and Cunningham agreed the land was worth $50 per acre at the time of the sale to Cunningham, which sale was consummated 30 or 40 days after plaintiff conveyed to defendant for $200, and a 1916 model automobile. Witnesses testified the land was worth $2,250. The cause was submitted to a jury, and a verdict for plaintiffs for the sum of $1,500 was returned, upon which judgment was entered, and from this

judgment defendant brings this cause here for review on appeal, and presents four specifications of error. to wit: First, error in overruling motion for a new trial; second, error in overruling demurrer of defendant to plaintiff's evidence; third, error in the instructions given to the jury; fourth, error in refusing to give to the jury instructions requested by defendant.

These assignments of error will be considered in inverse order. Defendant complains of the refusal of the court to give defendant's requested instructions numbered two, three, and four, but fails to set the instructions out in his brief or present argument or authorities in support of his position.

Rule 26 of the rules of this court provides, among other things:

"Where a party complains of instructions given or refused, he shall set out in totidem verbis, in his brief, separately the portion to which he objects or may save exceptions."

Where the rule is not complied with, the court will not consider objections to instructions given or to the refusal of instructions. Roof v. Franks, 26 Okla. 392, 110 Pac. 1098; Jantzen v. Emanuel German Baptist Church, 27 Okla. 473, 112 Pac. 1127; Rhone Milling Co. v. Farmers. etc., Bank, 40 Okla. 131, 136 Pac. 1095; Reynolds v. Hill. 28 Okla. 533, 114 Pac. 1108; Avants v. Bruner, 39 Okla. 730, 136 Pac. 593; Carignano v. Box, 97 Okla. 184, 223 Pac. 673.

Defendant assigns as error the giving of the following instructions:

"You are instructed that fraud is not presumed from inadequacy of consideration alone, unless the consideration was so small as to shock the conscience of the jury. Plaintiff could sell her land for any consideration however small and defendant would not be liable unless he procured the deed by false and fraudulent statements as claimed by plaintiff."

The instructions complained of appear to be more favorable to the defendant than to the plaintiff. It, in effect, instructs the jury that the fact that plaintiff received but $200 in cash and a 1916 model automobile for property of the value of $50.00 an acre, raises no presumption of fraud. but the jury must find the deed was procured by fraud as alleged. Defendant does not attempt to point out wherein the instruction is erroneous, and where an instruction given is more favorable to the complaining party than to his adversary error cannot be predicated thereon.

Defendant's second assignment of error is leveled against the action of the court in overruling defendant's demurrer to plaintiff's evidence.

It is a well-settled principle of law that a demurrer to the evidence admits all the facts which the evidence tends to prove, and all the inferences or conclusions which may be reasonably and logically drawn from the evidence. Lamb et al. v. Ulrich, 94 Okla. 240, 221 Pac. 741; Shawnee Light and Power Co. v. Sears, 21 Okla. 13, 95 Pac. 449; Ziska v. Ziska, 20 Okla. 634, 95 Pac. 254; Jaffray v. Wolf, 1 Okla. 312, 33 Pac. 945; Edmisson v. Drumm-Flato Commission Co., 13 Okla. 440, 73 Pac. 958; Singer v. Citizens Bank of Hendrick, 79 Okla. 267, 193 Pac. 41, Taylor, Adm'r, v. Enid National Bank et al., 77 Okla. 74, 186 Pac. 232.

Applying the well-established rule to the instant case. the plaintiff's evidence proves palpable and gross fraud, and misrepresentation.

Defendant had known plaintiff from her infancy. she had never been in his home, until he learned she wanted to sell the property, and when she wanted to see Cunningham who offered her as "much as any one else would give" and to whom the defendant sold 30 acres of the 45 acres for $1,400, within 30 days after inducing plaintiff to sign the deed, and the further fact that defendant secured her signature to the deed upon a representation that the land was worthless; that title was defective; that the land was about to be attached; that lawyers fees in partition suit would have to be paid, that large costs would have to be paid, and that she must not consult her attorney; all these facts being untrue, and known to the defendant or could have been known to the defendant to be untrue, apart from the inadequacy of the consideration, certainly were sufficient to shock the conscience of the court and jury, and the judgment of the court overruling the demurrer to plaintiff's evidence was not error.

Fraud is defined by section 4996, Comp. Stat. 1921, as follows:

"Actual fraud, within the meaning of this chapter, consists of any of the following acts, committed by a party to the contract, or with his connivance with intent to deceive another party thereto, or to induce him to enter into the contract. First. The suggestion. as a fact, of that which is not true, by one who does not believe it to be true. Second. The positive assertion in a manner not warranted by the information of the person making it, of that which is not true,

though he believe it to be true. Third. The suppression of that which is true by one having knowledge or belief of the fact. Fifth. Any other act fitted to deceive."

Defendant contends that plaintiff had the opportunity to investigate and ascertain the truth or falsity of his statements, but no man should be permitted to complain or take advantage of the fact that another has too confidently relied on the truthfulness of the statements he has himself made Stevens v. Reilly, 56 Okla. 455, 156 Pac. 157; Mangold and Gland Bank v. Utterback, 70 Okla. 315, 174 Pac. 542), and one who relies upon a material representation, which is false, is not precluded from recovering damages by reason of the fact that he had on opportunity to investigate for himself and did not do so. Werline v. Aldred, 57 Okla. 391, 157 Pac. 305; Hood v. Wood, 61 Okla. 294, 161 Pac. 201.

Under section 4998, Comp. Stat. 1921, "actual fraud is always a question of fact." and questions of fact are wholly within the province of the jury to determine, and where there is any competent testimony reasonably tending to support the verdict of a jury, where the cause has been submitted upon instructions fairly expounding the law applicable thereto, the judgment will not be disturbed on appeal. Hopkins et al. v. National Bank of Commerce et al., 101 Okla. 82, 223 Pac. 347.; Smith v. Cornwell & Chowning Lbr. Co., 101 Okla. 86, 223 Pac. 154; City of Shawnee v. Roush, 101 Ok'a. 60, 223 Pac. 354: Thompson v. Smith, 102 Okla. 150, 227 Pac. 77.

Finding no error in the record, and that the verdict of the jury is reasonably sustained by competent evidence, the judgment of the court below should be affirmed.

By the Court: It is so ordered.