Harry B. GUTELIUS, Jr., Plaintiff in Error,

v.

Houston B. SISEMORE and Mary Irene Sisemore, Defendants in Error.

No. 39364.

Supreme Court of Oklahoma.

Oct. 17, 1961.

Landrith & McGee, Tulsa, for plaintiff in error.

John W. McCune, Jimmy K. Jones, Tulsa, for defendants in error.

BERRY, Justice.

The parties who appear here in the same relative position as in the trial court, will be referred to herein as they appeared in said court.

In his petition filed below, the plaintiff alleged in substance that in 1959 he purchased a residence from defendants; that the agreed purchase price was $42,500; that in selling the residence defendants acted through a real estate broker; that prior to consummation of the sale the broker showed the residence to plaintiff and that plaintiff inspected same; that the inspection showed no patent defects; that "relying upon said inspection and upon the fact that no latent defects or conditions not ascertainable by inspection were made known to * * * plaintiff by the defendants or their agents", plaintiff purchased the residence; that following purchase, plaintiff redecorated the residence and occupied it as a home; that plaintiff thereafter learned that following rains, surface water gathered under the residence to the height of the floors; that said water caused the residence to become permeated with noxious and offensive odors and also caused the floors to become discolored and warped; that defendants, prior to the sale, knew that sur-

**734**

face water accumulated under the residence to the extent that it was necessary to remove same through use of a pump; that defendants and their broker "made no disclosure of said condition, but instead permitted and encouraged" plaintiff to purchase the residence; that "defendants thereby exercised fraud and deceit upon" plaintiff; that the complained-of condition resulted from defendants' improperly grading the land prior to their construction of the residence, constructing air vents in such manner that the lower portion thereof was under the soil-line grade of the residence, and the fact that soil overlying the yard was non-porous and therefore would not absorb rain that fell thereon or surface water that flowed over the soil; that the cost of correcting the conditions complained of was $2,069.08; that the residence was damaged to the extent of $5,000 by surface water gathering thereunder following plaintiff's purchase of same and prior to complained-of conditions being corrected.

The demurrer which defendants directed to plaintiff's petition was sustained. Plaintiff elected not to plead further and perfected this appeal.

In support of his petition in error, plaintiff contends that (1) in an action by a grantee to recover damages attributable to fraud and deceit perpetrated by his grantor, parol evidence is admissible; that (2) fraud and deceit are proved where it is shown that the grantor had knowledge of an undisclosed latent defect in the property conveyed which was not discernible through the exercise of reasonable diligence on the grantee's part.

Defendants agree that as a general rule, parol evidence is admissible to show that fraud and deceit were practiced in the sale of real estate but assert that said rule has no direct bearing upon the trial court's order sustaining their demurrer. Defendants assert in substance that the defects of which plaintiff complain were patent and observable upon inspection and for said reason silence on their part did not constitute fraud.

■ We have held that the doctrine of caveat emptor applies to the sale of property where the purchaser inspects the property. See McDaniel and Company et al. v. Quinn et al., Okl., 307 P.2d 127, and cited cases. Plaintiff asserts in substance that the referred-to doctrine is inapplicable under the facts pleaded in his petition. He contends that said facts show that the complained-of defects in the premises that he purchased were latent and further show peculiar circumstances that placed defendants under a duty to advise him of the complained-of defects; that having failed in said particulars, defendants were guilty of fraud. Among the authorities cited by plaintiff as sustaining said contention are Morris et ux. v. McLendon et al., 167 Okl. 68, 27 P.2d 811; Barry et al. v. Orahood, 191 Okl. 618, 132 P.2d 645; Georgia Marble Co. v. Standard Tile Co., 19 Tenn.App. 258, 86 S.W.2d 429, and 23 Am.Jur. "Fraud and Deceit", Secs. 80 and 84, pp. 857 and 863.

■ While the authorities cited by plaintiff tend to sustain his contentions, said authorities to our way of thinking are not dispositive of this appeal. The plaintiff pleaded in substance that the conditions of which he complains were latent, therefore, that an inspection would not have revealed same. He, however, pleaded facts that show otherwise. From the facts pleaded it is apparent that an inspection of the premises would have revealed, (a) the manner in which the air vents in the foundation to the residence were constructed; (b) the slope or grade of the yard surrounding the residence; and (c) the composition of the soil overlying the yard as being porous or dense. It follows that the facts pleaded clearly show that an inspection of the premises would have acquainted plaintiff with the conditions which he asserts caused the damages that he seeks to recover from defendants. Would knowledge of said conditions serve to cause a reasonably prudent person to anticipate that surface water would flow under the residence and cause damages like or similar to those asserted by plaintiff? We are of the opinion that the answer to the posed question is "yes". It is a matter

of common knowledge that water will flow down hill and that if water flows toward a building it will flow and accumulate thereunder if the lower portion of the vents in the foundation are at or below the level of soil surrounding the foundation and vents. In 23 Am.Jur. "Fraud and Deceit", Sec. 84, p. 963, this is said:

"It is generally held that mere silence does not constitute fraud where it relates to particular facts and matters of such a nature as to be equally open to common observation or visible to the eye, where such facts are discoverable by the exercise of ordinary diligence, or where the means of information are as accessible to one party as to the other. * * *"

It was stated in the second paragraph of the syllabus to Nowka et al. v. West, 77 Okl. 24, 186 P. 220 that "Where the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities, he will not be heard to say that he had been deceived by the vendor's misrepresentations." For a statement of the same general purport, see second paragraph of syllabus to Long v. Kendall, 17 Okl. 70, 87 P. 670.

For reasons stated, the trial court did not err in sustaining defendants' demurrer to plaintiff's petition.

Affirmed.