**H. W. ONSTOTT, Plaintiff in Error,**

**v.**

**Marvin R. OSBORNE, Defendant in Error.**

**No. 40907.**

Supreme Court of Oklahoma.

Jan. 11, 1966.

August C. Carlson, Oklahoma City, for plaintiff in error.

Luttrell, Luttrell & Pendarvis, Norman, for defendant in error.

HALLEY, Chief Justice.

There is involved here an action for damages for fraudulent statements alleged to have been made by the defendant in connection with the sale of certain real estate. Plaintiff prosecutes this appeal from the action of the trial court sustaining a demurrer to his amended petition. Parties will be referred to as they appeared in the trial court.

Plaintiff alleges in his amended petition that on the 5th day of February, 1963, he entered into a written contract with the defendant to purchase certain lands located in Oklahoma County.

A copy of contract is attached to the amended petition. It recites that the seller shall supply the purchaser with "merchantable title and abstract up to date". Further that, "This contract is for the surface rights only and subject to all easements of record. Abstract will cover only surface rights. Residential restrictions are understood by buyer to be a minimum of 1,000 sq. ft. living area and all new material. No trailer houses or moved in houses are to be allowed."

Plaintiff alleges that "the defendant then and there, with intent to deceive and defraud plaintiff, and as an inducement for plaintiff to sign said agreement and to make said purchase, falsely and fraudulently represented, orally, to him as being suitable for development purposes, when the defendant then well knew that said tract of land was traversed by numerous high pressure gasoline lines and was wholly unfit and unsuitable for development purposes. That when questioned about pipe lines, plaintiff (probably meant defendant) stated that they were old and abandoned. That the plaintiff relied upon the truth of said representations and sup-posed said piece of land was suitable for development purposes, and was induced to buy the same." That he delivered to the defendant on the 13th of February, 1963 the sum of $3,800.00, the purchase price of said land, and secured from him a warranty deed. "That in pursuance of his oral representations, defendant, by said Warranty Deed, warranted said property to be free and clear of easements."

A copy of the warranty deed is attached to the amended petition. There is a reservation in the deed "excepting and reserving from this conveyance all of the oil, gas, and other mineral rights therein." The grantors "warrant the title * * * free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and incumbrances of whatsoever nature."

Plaintiff alleges that the land "was wholly unfit for development purposes, in that it was traversed by numerous high pressure gasoline lines, of the Phillips Petroleum Company, installed in easements of record and was worth $3,300.00 less than it would have been had it not contained said high pressure gasoline lines and been suitable for development purposes, whereby plaintiff has sustained damages to the amount of $3,300.00."

Plaintiff alleges, "That the representations made by defendant were material representations, that they were false, and known by defendant to be false when he made them, but believed by plaintiff to be true. That the defendant made the false statements with the intention that they should be acted upon by plaintiff, that plaintiff acted in reliance on the false statements and suffered injury."

Plaintiff alleges that on February 15, 1963 he received a letter from Phillips Petroleum Company "advising him that said tract of land was traversed with numerous high pressure gasoline lines and unsuitable for development purposes" and on February 21, 1963 attempted to cancel the transaction with the defendant by delivering him a deed to the property upon his

being returned the purchase price, which offer was declined by the defendant. The Phillips letter is attached to the petition as an exhibit. The letter is dated February 11, 1963, and directed to the plaintiff c/o his attorney, 902 Midwest Building, Oklahoma City, Oklahoma. The mailing envelope is attached showing a mistake of address and the delivery date is not shown. In substance the letter recites, "It is our understanding that you are contemplating the development of an area over or near Phillips Petroleum Company pipelines located (land described) * * *. You are hereby notified that the development of the area in such proximity to the pipeline exposes any building and its occupants to an unnecessary risk of danger and may interfer with the rights previously granted Phillips Petroleum Company. In addition to subjecting the buildings and their occupants to the hazards associated with our pipeline operations, such construction would add to our Company's expense in the maintenance, operation, and inspection of our pipeline, and would impose upon you a greater expense as a result of the increased costs involved."

Plaintiff seeks exemplary damages in the amount of $5,000.00 in addition to alleged actual damages in the amount of $3,300.00.

A study of the pleadings establishes that during the purchase negotiations and at the time of the signing of the contract both parties knew that there was oil and gas development on the land. The contract of sale is for "surface rights only and subject to all easements of record". The deed reserves "all of the oil, gas and other mineral rights". The pipeline of Phillips Petroleum Company were "installed in the easements of record".

It is evident from the letter dated February 11, 1963 directed to the plaintiff by the Phillips Petroleum Company that plaintiff could have secured from the Phillips Petroleum Company at any stage of real estate transaction involved all necessary information concerning the hazards involved in connection with their pipelines installed on their easements of record traversing the tract of land involved.

Fraud as related to purchase of real estate may not be predicated on alleged false statements the truth of which could have been ascertained with reasonable diligence by the party asserting their falsity. Gutelius v. Sisemore, Okl., 365 P.2d 732. The court quotes with approval from Nowka v. West, 77 Okl. 24, 186 P. 220, where the Oklahoma Court said:

"Where the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities, he will not be heard to say that he had been deceived by the vendor's misrepresentations. If, having eyes, he will not see matters directly before them, where no concealment is made or attempted, he will not be entitled to favorable consideration when he complains that he has suffered from his own voluntary blindness and been misled by overconfidence in the statements of another."

In Oklahoma by statute a written contract supersedes all the oral negotiations. § 137, Title 15, O.S.1961, states:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

The above statute was construed in an action involving the sale of real estate in the case of Warren v. Pulley, 193 Okl. 88, 141 P.2d 288. In the case the parties entered into a written contract for the purchase of certain real estate. The contract contained "no warranty that the basement was water proof or any other warranty of quality". In a suit for damages for breach of warranty plaintiff Pulley contended that about a week before the execution of the written contract the defend-

ant Warren orally warranted to him that the basement to the house was waterproof. The Oklahoma Court denied recovery stating,

"A written contract embodying the terms of a sale of real estate, and apparently complete on its face, precludes evidence of a prior or contemporaneous oral warranty of quality of the property covered by the contract."

■ In the case of Gutelius v. Sisemore, supra, plaintiff contended that in sale of certain residence property the defendants failed to inform him that because of certain structural defects water might accumulate under the house and by such failure were "guilty of fraud". He sought damages caused by water accumulating under the house. The Oklahoma Court affirmed the ruling of the trial court sustaining the demurrer of the defendants to the petition of the plaintiff, stating,

"As a general rule, the doctrine of caveat emptor applies where purchaser inspects property sold prior to consummation of sale.

"Silence on grantor's part does not constitute fraud where it relates to conditions that grantee, through exercise of reasonable diligence, could discern upon his inspection of property prior to purchasing same."

In the case of McDaniel v. Quinn, Okl., 307 P.2d 127, involving a suit to recover earnest money paid defendants under written contract for the purchase of garage business the Oklahoma Court in denying recovery quotes with approval from 23 Am. Juris. "Fraud and Deceit", Sections 147 and 156, as follows:

"Effect of Investigation.—Where a party to whom representations are made is put upon inquiry by his knowledge of the facts and undertakes to make an investigation of his own, and the other party does nothing to prevent this investigation from being as full as the investigator chooses to make it, and in the transaction the true facts are equally open to both upon investigation, the investigator will not usually be heard to say that he had the right to rely on such representations."

"Indefinite and Extravagant Assertions. —Fraud cannot be predicated of representations or assurances which in the nature of things are impossible of performance and in regard to which no one having the capacity to contract at all could be deceived, or where from the nature of the representation it is incredible that the person to whom it was made could have been deceived."

■ The means of discovering the existence of the pipe lines and the detriment they might be to the development of the property involved were equally available to both parties. If plaintiff "having eyes * * * will not see matters directly before them" * * * "he will not be heard to say that he has been deceived" by representations made by the defendant. Slaughter's Adm'r v. Gerson, 13 Wall. 379, 20 L. Ed. 627, quoted with approval in Nowka v. West, supra.

■ All general discussions of the parties prior to the execution of the purchase contract were superseded by the contract.

The trial court correctly sustained the demurrer of defendant to the amended petition of the plaintiff.

Affirmed.

JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, IRWIN and HODGES, JJ., concur.

BERRY and LAVENDER, JJ., concur in result.