D. M. SOKOLOSKY et al., Appellees,

v.

TULSA ORTHOPAEDIC ASSOCIATES, INC. PENSION TRUST FOR EMPLOYEES, Federal Identification No. 736147846, Appellant.

No. 48961.

Supreme Court of Oklahoma.

March 15, 1977.

As Amended July 12 and 25, 1977.

Rehearing Denied July 26, 1977.

Harold Charney, Owasso, for appellees.

Doerner, Stuart, Saunders, Daniel & Langenkamp by Sam P. Daniel, Jr., Gary M. McDonald, Tulsa, for appellant.

BARNES, Justice:

This is a suit on a promissory note and to foreclose a real estate mortgage securing the note. Plaintiffs-Appellees, D. M. and Phyllis J. Sokolosky, sold the subject real estate to the Defendant-Appellant. The transaction was handled by the Appellees' agents, John Sanford and John Hausam, d/b/a John Hausam Realtors, who were made parties to this action. Appellees sold the property to Appellant in March, 1973, for a purchase price of $212,500.00, payable $50,000.00 down and $20,000.00 cash on closing. The balance was secured by execution of a note and first mortgage by Appellant.

Thereafter, by letter dated April 2, 1975, Appellant, through its attorney, notified Appellees Sokolosky that Appellant was rescinding the purchase of the realty based upon the recent discovery of certain material misrepresentations made by Appellees

Sokolosky and their agents which induced Appellant to purchase the subject realty. Subsequently, Appellees filed suit on the promissory note, seeking to foreclose the real estate mortgage. Appellant then filed its Answer and Cross-Petition alleging it was induced to purchase the realty and specifically setting forth the following alleged misrepresentations by Appellees: (1) That the subject property had a market value well worth the price being asked therefor; (2) that the realty could be sold for a reasonable profit within 18 months from the date of consummation of the purchase; (3) that a large amusement park was scheduled for development nearby, resulting in an immediate appreciation in value of the subject realty, and was at least in part a reason the realty was of the value represented; (4) that the City of Claremore would construct a water tower on the property in consideration for a small tract of land; (5) that Appellee, D. M. Sokolosky, represented that he had legal influence with such person in the City of Claremore as could cause the water tower to be built and that Appellee would cause such tower to be built.

Demurrers to Appellant's Answer and Cross-Petition were filed by Appellees alleging failure to state a cause of action and that Appellant's allegations of fraud were barred by 15 O.S.1971, § 137. In addition, Appellees filed Motions for Judgment on the Pleadings. Trial Court sustained Demurrers and Motion for Judgment on the Pleadings for Appellees Sokolosky and for Appellees Sanford and Hausam.

From an order overruling its Motion for New Trial, Appellant appealed. The Court of Appeals, Division No. 1, reversed and remanded for trial on the merits, holding there were issues of fact on the alleged fraud which became questions of fact for the jury.

The Appellees assert the sole question to be answered is: If a contract for sale of real estate and note and mortgage is complete on the face thereof, can the terms be changed by allowing parol evidence to vary its terms?

The Trial Court based its judgment on 15 O.S.1971, § 137, which reads:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

Appellees have cited and quoted a number of cases which state the general rule that parol evidence is not admissible to contradict or vary the terms of a written contract. In *Thompson v. E. W. Jones, Inc.,* 189 Okl. 480, 118 P.2d 196 (1941), the Court syllabus states:

"The execution of a contract in writing, whether or not the law requires it to be written, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument, *in the absence of accident, fraud or mistake of fact*; and any representation made prior to or contemporaneous with the execution of the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract." (Emphasis ours)

Appellees rely heavily on the case of *Onstott v. Osborne,* 417 P.2d 291 (Okl.1966), which we think is dispositive of the issue in the instant case. *Onstott, supra,* involved an action for damages for fraudulent statements alleged to have been made by the defendant in connection with the sale of certain real estate pursuant to a written contract. Plaintiff alleged the defendant falsely and fraudulently represented orally to him that the land was suitable for development purposes, when defendant knew the tract was traversed by numerous high pressure gasoline lines of the Phillips Petroleum Company, installed in easements of record. This Court said therein:

"A study of the pleadings establishes that during the purchase negotiations and at the time of the signing of the contract both parties knew that there was oil and gas development on the land. The contract of sale is for 'surface rights

only and subject to all easements of record'. * * *

"It is evident from the letter dated February 11, 1963 directed to the plaintiff by the Phillips Petroleum Company that plaintiff could have secured from the Phillips Petroleum Company at any stage of real estate transaction involved all necessary information concerning the hazards involved in connection with their pipelines installed on their easements of record traversing the tract of land involved.

"*Fraud as related to purchase of real estate may not be predicated on alleged false statements the truth of which could have been ascertained with reasonable diligence by the party asserting their falsity.* * * * (cases cited)

     *     *     *     *     *     *

"The means of discovering the existence of the pipe lines and the detriment they might be to the development of the property involved were equally available to both parties." (Emphasis ours)

Applying *Onstott, supra,* to the case at bar, we agree with Appellees that Appellant could have ascertained with reasonable diligence the truth or falsity of the alleged misrepresentations by Appellees. For example, the market value of the land could have been easily ascertained since the Tulsa metropolitan area abounds with qualified, professional appraisers. Secondly, nowhere is it alleged in the Answer or Cross-Petition of Appellant that an attempt was made to sell the land within 18 months for a reasonable profit. We think the statement attributed to Appellees concerning resale of the land is, at most, sales talk and cannot be said to be fraudulent per se. Regarding the allegation that an amusement park was going to be built near the property, if the park was a consideration in the purchase of the property and a condition thereto, it should have been made a part of the written contract. Further, the truth of the building of the park could have been ascertained with reasonable diligence by Appellant. In addition, the erection of a water tower by the City of Claremore could have been substantiated or refuted by contacting the Claremore City Council. Even then there would have been no guarantee that this would be done, without the execution of a binding agreement with the City.

Since the means of knowledge were at hand and available to Appellant and since it failed to avail itself of these means and opportunities, it will not now be heard to say that it has been deceived by the representations of the vendor. The Trial Court correctly sustained Appellees' Demurrer and Motion for Judgment on the Pleadings.

Court of Appeals opinion vacated. Trial Court affirmed.

HODGES, C. J., LAVENDER, V. C. J., and BERRY and SIMMS, JJ., concur.

WILLIAMS, IRWIN and DOOLIN, JJ., dissent.