**Violet O. BROWN, Appellant,**

v.

**B & D LAND COMPANY, an Oklahoma General Partnership, Appellee.**

**No. 73149.**

Court of Appeals of Oklahoma, Division No. 2.

Sept. 24, 1991.

Rehearing Denied Oct. 21, 1991.

Certiorari Denied Jan. 23, 1992.

Patrick H. Lavelle, Robert G. Boren, Oklahoma City, for appellant.

Tracy L. Foor, Luttrell, Pendarvis, Rawlinson & Poarch, Norman, for appellee.

RAPP, Judge.

Plaintiff, Violet O. Brown, appeals the trial court's judgment for defendant, B & D Land Company, following a non-jury trial.

Plaintiff purchased a twelve-acre tract on which to build a house and barn from defendant on November 9, 1984. Plaintiff executed various documents, receiving in return a warranty deed. None of the documents, including the "Property Disclosure," stated the property was in a flood plain or prone to flooding.[1] It was undisputed plaintiff was assured by defendant's agent, the selling realtor, the property could not be sold for development unless it had been "checked out and approved," thereby assuaging her concerns of possible flooding.[2] Thereafter, she discovered the property was flooded and on August 10, 1985, demanded return of her monies and contract rescission. Defendant responded by letter—refusing to rescind—stating, while it had returned another's money due to flooding, for plaintiff it was going to reconstruct the access road. Following reconstruction, plaintiff again demanded return of her monies in August 1987. A petition for rescission was filed January 25, 1988.[3] The trial court in a bench trial found that "prior to the reconstruction there was a latent misrepresentation which would lead to the ability to rescind. Subsequent to the reconstruction of the road, the defendant has cured that defect according to the evidence before the Court and, therefore, judgment for the defendant." Plaintiff appeals.

Plaintiff alleges a single proposition, urging trial court error in its holding, in effect, that defendant had cured its misrepresentation by rebuilding the road.

---

1. The general partner of defendant had commissioned a study and knew a portion of the realty was in the flood plain but did not disclose this fact to plaintiff.

2. She testified she would not have purchased the property if she had known it was subject to flooding.

3. This action was brought within the statutory time limits set forth in 12 O.S.1981 § 95(1).

■ This case is similar to that of *Sokolosky v. Tulsa Orthopaedic Associates,* 566 P.2d 429 (Okla.1977), and *Onstott v. Osborne,* 417 P.2d 291 (Okla.1966). In *Sokolosky* and *Onstott,* the court held that, in actions involving real estate purchases, fraud may not be predicated on false statements when the party could ascertain the truth with reasonable diligence. This principle is well established and is evidenced by the *Onstott* court quoting with approval from *Nowka v. West,* 77 Okla. 24, 186 P. 220 (1919):

> Where the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities, he *will not be heard to say that he had been deceived by the vendor's misrepresentations.* If, having eyes, he will not see matters directly before them, where no concealment is made or attempted, he will not be entitled to favorable consideration when he complains that he has suffered from his own voluntary blindness and been misled by overconfidence in the statements of another. (Emphasis added.)

*Onstott,* 417 P.2d at 293.

■ Here plaintiff's assertions of misrepresentation dealt with defendant's failure to disclose the property's flood plain location. However, the means and knowledge of obtaining the truth regarding the property were readily available to plaintiff upon inquiry. Thus, it must be concluded that the trial court here reached the correct result for the wrong reason. However, under *Seal v. Carroll,* 439 P.2d 185 (Okla. 1968), a judgment, if correct, must stand regardless of the theory or conclusions upon which it is based.

The judgment of the trial court is affirmed.

MEANS, P.J., concurs.

BRIGHTMIRE, J., dissents.

BRIGHTMIRE, Judge, dissenting.

In my opinion, the trial court erred in holding that the defendant extinguished the plaintiff's right to rescind a fraudulently induced contract by rebuilding the road.

The plaintiff's amended petition alleged two causes of action: (1) breach of contract, and (2) rescission based upon fraud in the inducement.[4]

As for the second cause of action the following law applies. Generally, with regard to factual matters, a "prospective buyer has a right to rely on the veracity of the seller (or his agent) without investigation." *Beavers v. Lamplighter Realty, Inc.,* 556 P.2d 1328 (Okl.App.1976). And "[f]raud by misrepresentation that induces inaction is culpable." *State ex rel. Southwestern Bell Tel. Co. v. Brown,* 519 P.2d 491 (Okl.1974). A partial disclosure of a fact requires a full and truthful disclosure. *Kelly v. Robertson,* 61 Okl. 85, 160 P. 46 (1916); *Garvin v. Harrell,* 27 Okl. 373, 113 P. 186 (1911); 76 O.S.1981 §§ 2 and 3.

In equity, "fraud" includes "all acts, omissions, or concealments, by which one person obtains an advantage against conscience over another, or which equity or public policy forbids, as being to another's prejudice." *Jones v. Snyder,* 121 Okl. 254, 249 P. 313 (1926).

A court of equity exists primarily to relieve persons from the effects of fraud which bind them technically under a strict legal system: A court of conscience will not suffer a party to predicate a right upon fraud. *Griffin v. Galbraith,* 114 Okl. 208, 247 P. 339 (1925). And though fraud must be shown and proved at law, in equity it is sufficient to show facts and circumstances from which it may be presumed. *Bottoms v. Neukirchner,* 29 Okl. 104, 116 P. 434 (1911).

Here the plaintiff's second cause of action is not based upon the agent's *failure to disclose* that the access road was in a floodplain. Rather the cause is founded on a *positive assertion* to the plaintiff concerning flooding of subject land, namely, that "there were laws now that you couldn't sell property for development ar-

---

**4.** No responsive pleading or motion asserting the affirmative defense of the statute of limita-
tions was filed, and that defense is therefore waived. 12 O.S.Supp.1990 § 2012(F)(1).

eas unless it had been checked out [for flooding] and it had been approved." Once the agent made that partial disclosure, he had a duty to fully disclose whatever information the defendant had about the status of the property with regard to flooding. In this regard it is significant that the defendant's general partner had commissioned a "flood study" of subject property. Thus not only was the agent's disclosure a partial one, it was deviously misleading—a positive assertion meant to convey the notion that the defendant could not sell the property if there was a flooding problem and thus induce the plaintiff to agree to buy the property without further inquiry.

The cases relied upon by the defendant are distinguishable. In *Sokolosky*, 566 P.2d at 431, for example, the seller's representations regarding market value, resale, and nearby development were no more than matters of opinion or speculation the validity of which the court held the plaintiff could not rely on as statements of fact or even opinions going to the condition of the property. Such is not the case here.

And in *Onstott*, 417 P.2d at 293, the court held that because *both* parties knew of the pipelines underlying subject land and because the contract only warranted surface rights "subject to all easements of record," the buyer had constructive notice that the pipelines were the subject of an easement and therefore could not introduce any alleged oral representations regarding the pipelines, but was required to use reasonable diligence to determine the status of the easements. This he failed to do.

As we have seen, this is not a case where "the means of knowledge are at hand and equally available to both parties." *Nowka*, 186 P. at 223, citing *Slaughter v. Gerson*, 80 U.S. (13 Wall) 379, 20 L.Ed. 627 (1872). And it is factually distinguishable from those situations where the law imposes a duty on purchasers to exercise reasonable diligence to ascertain facts equally available to both. The plaintiff specifically asked about flooding, and the defendant's agent fraudently responded by saying in effect that the property would not be for sale if it was subject to flooding and concealing the results of the defendant's flood study.

Voluntary acts subsequent to the fraud, such as elevating the road surface, cannot cure the fact that the plaintiff was induced to initially act by that fraudulent statement. The plaintiff was intentionally misled on a material matter and, in my opinion, she could rely on the representation and was under no legal duty to inquire further.

In reviewing cases of equitable cognizance, this court will examine the entire record and weigh the evidence and if the trial court's judgment is clearly against the weight of the evidence or contrary to law, the decree appealed will be reversed and this court will enter such judgment as should have been entered. *Rees v. Brisco*, 315 P.2d 758 (Okl.1957); *York v. Trigg*, 87 Okl. 214, 209 P. 417 (1922); *Johnson v. Perry*, 54 Okl. 23, 153 P. 289 (1915).

I believe that the plaintiff has pleaded and proved a cause of action for rescission of the sales contract by reason of its having been induced by fraud. The trial court's judgment in my opinion is clearly against the weight of the evidence. I would therefore reverse the judgment appealed and enter one rescinding the purchase agreement and awarding the plaintiff judgment for an amount sufficient to make her whole.