69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 L. Scott HAMMOND, doing business as Arkoma Royalty and
Mineral Company, Plaintiff-Appellee,
v.
REMORA 82 COMPANY, a Foreign Limited Partnership, Defendant-Appellant.
 No. 94-6375.
(D.C.No. CIV-92-859-L).
 United States Court of Appeals, Tenth Circuit.
 Oct. 30, 1995.
 
 Before KELLY, SETH, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 KELLY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this diversity action, defendant-appellant Remora 82 Company (Remora) appeals from the entry of judgment rescinding an assignment and bill of sale covering a 1 percent working interest in a gas well from Remora to plaintiff-appellee L. Scott Hammond, d/b/a Arkoma Royalty and Mineral Company (Hammond). We affirm.
 
 Background
 
 3
 Hammond sought to rescind an assignment and bill of sale pursuant to which he had acquired a 1 percent working interest in a gas well from Remora. He alleged that Remora failed to disclose the existence of a significant gas imbalance attributable to the Remora interest, thus exposing him to substantial financial liability. Hammond asserted that Remora's nondisclosure, "was tantamount to a representation that a gas imbalance did not exist." Appellant's App. at 7.
 
 
 4
 Following a bench trial, the district court found that Remora had received substantial revenues and either knew or suspected that its interest in the well was overproduced. The district court found that the overproduction represented a significant imbalance in light of the well's overall production and the percentage of working interest owned. Further, the district court found that prior dealings between Hammond and Remora led Hammond reasonably to believe Remora would disclose any significant imbalance, and that Hammond was unaware of the imbalance at the time of the assignment.
 
 
 5
 The district court concluded from these and other findings that material misrepresentations induced Hammond to enter into the assignment, and, therefore, it entered an order rescinding the assignment. The district court denied Remora's subsequent motion for a new trial.
 
 Discussion
 
 6
 Remora challenges the district court's findings of fact and conclusions of law. The district court's findings of fact are presumed correct and will not be set aside unless clearly erroneous. Raydon Exploration, Inc. v. Ladd, 902 F.2d 1496, 1499 (10th Cir.1990). The district court's rulings on issues of state law are reviewed de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991); Magnum Foods, Inc. v. Continental Casualty Co., 36 F.3d 1491, 1497 (10th Cir.1994).
 
 I.
 
 7
 Remora first contends that the district court erred in considering evidence of the parties' intent and past dealings extrinsic to the terms of the assignment, which states, "[i]t is understood and agreed that a gas imbalance may exist in the [well].... In the event [Remora] is overproduced as to said well, [Hammond] agrees to accept such liability." Appellant's App. at 227.
 
 
 8
 Although parol evidence which is inconsistent with a written agreement is generally not admissible to vary the writing, a well recognized exception to the rule is when a party to the contract alleges fraud in the inducement of the contract. Where fraud is alleged, testimony about circumstances leading up to signing the instrument and extrinsic facts showing the interpretation the parties put upon the writing is admissible. Thrifty Rent-A-Car Sys., Inc. v. Brown Flight Rental One Corp., 24 F.3d 1190, 1195 (10th Cir.1994); see also Thompson v. Estate of Coffield, 894 P.2d 1065, 1068 (Okla.1995) (parol evidence rule is not applicable in suits for rescission of contracts).
 
 
 9
 Here, Hammond was asserting fraud as the basis for relief from the binding effect of the assignment. See Okla. Stat. Ann. tit. 15, 233 (West 1993). Thus, the district court properly considered extrinsic evidence concerning the parties' intent and the circumstances surrounding the execution of the assignment.
 
 II.
 
 10
 Remora next contends it was under no duty to disclose the imbalance because the assignment put Hammond, who was experienced in the oil and gas business, on notice that there might be an imbalance. Similarly, Remora contends that silence cannot constitute fraud where the condition complained of could have been discovered through due diligence. Given the facts here, we disagree.
 
 
 11
 Under Oklahoma law, fraud is broadly defined to include any act designed to gain an unfair advantage over another. Ragland v. Shattuck Nat'l Bank, 36 F.3d 983, 990 (10th Cir.1994) (citing Spartan Petroleum Corp. v. Curt Brown Drilling Co., 446 P.2d 808, 813 (Okla.1968)). In Thrifty Rent-A-Car Systems, Inc. v. Brown Flight Rental One Corp., this court explained Oklahoma law:
 
 
 12
 Fraud may ... be established by showing the concealment of material facts which one is bound under the circumstances to disclose.... One conveying a false impression by the disclosure of some facts and the concealment of others is guilty of fraud, even though his statement is true as far as it goes, since such concealment is in effect a false representation that what is disclosed is the whole truth.... If on account of peculiar circumstances there is a positive duty on the part of one of the parties to a contract to speak, and he remains silent to his benefit and to the detriment of the other party, the failure to speak constitutes fraud.
 
 
 13
 24 F.3d at 1195 (internal citations and quotations omitted); see also Uptegraft v. Dome Petroleum Corp., 764 P.2d 1350, 1353-54 (Okla.1988).
 
 
 14
 Remora had a duty to disclose the overproduction because of the circumstances of the parties' negotiations and past dealings. There is also evidence that at the time of the assignment, Remora had received substantially more revenues than its interest could have justified and had information showing that its interest was substantially overproduced. There is also evidence that it was the custom in the oil and gas business in Oklahoma for the seller or assignor to disclose any gas imbalance when selling an interest in a well. Indeed, in a prior well assignment, Remora disclosed to Hammond the minor imbalanced status of that well. Yet, when Hammond requested the same information from Remora about the well at issue here, Remora did provide some information about the well, but did not provide any information about the overproduction.
 
 
 15
 Further, Remora knew that Hammond was paying only $100 for this interest. He believed the well was likely to be plugged in the near future and was expecting to make up any operating losses from his share of the well's salvage value. Remora effectively confirmed Hammond's false impression by not disclosing the extent of the imbalance, which exposed Hammond to liability in excess of $100,000.
 
 
 16
 The cases relied upon by Remora are inapposite. Unlike Jewell v. Allen, 109 P.2d 235 (Okla.1940), circumstances of the parties' negotiations and past dealings created a duty to disclose. Unlike Onstott v. Osborne, 417 P.2d 291 (Okla.1966), and Gutelius v. Sisemore, 365 P.2d 732 (Okla.1961), the information that the Remora interest was overproduced was not equally available to both parties.
 
 III.
 
 17
 Next, Remora contends that there is insufficient evidence to support the district court's determination of fraud. Fraud is a question of fact to be determined by the trier of fact. Thrifty Rent-A-Car Sys., Inc., 24 F.3d at 1195.
 
 
 18
 "This court must view the evidence presented to the trial court in the light most favorable to the prevailing party. If a trial is to the court, as in the present case, the resolution of factual issues and conflicting evidence lies solely within the province of the district court. The findings of the district court are presumed correct and should not be set aside on appeal unless they are clearly erroneous." Raydon Exploration, Inc., 902 F.2d at 1499 (citations omitted).
 
 
 19
 After reviewing the record, we are satisfied the district court's findings are not clearly erroneous. There is evidence Remora knew of the imbalance, but concealed its knowledge and its records when Hammond requested such information, even though Remora knew that Hammond was unaware of the true situation. There is evidence Hammond relied on Remora's lack of disclosure, and there is no dispute that Remora's concealment was material, to Hammond's detriment. Thus, the district court's determination of fraud is supported by the record.
 
 IV.
 
 20
 Remora also contends that Hammond waived his right to rescind the assignment by accepting a settlement of a "take-or-pay" claim which El Paso Natural Gas Company owed to the owner of the interest in the well. Under Oklahoma law, a party claiming rescission must restore or offer to restore everything of value received under the contract. Okla. Stat. Ann. tit. 15, 235 (West 1993).
 
 
 21
 Here, the evidence reflects that Hammond advised El Paso of the dispute, and attempted to have it deal with Remora, and only accepted the settlement in order to preserve the value of the property. Hammond offered on more than one occasion to pay over the settlement proceeds to Remora.[2] Thus, we are not persuaded that Hammond's actions imply an intention to affirm the contract or constitute a waiver of his right to rescission. See Oklahoma Co. v. O'Neil, 440 P.2d 978, 985 (Okla.1968)(actions to avoid further difficulties do not constitute waiver).
 
 
 22
 Because we conclude the district court did not err in rescinding the assignment on the basis of fraud, we need not consider Remora's remaining contention that the district court's alternative finding of mutual mistake was error.
 
 
 23
 The judgment of the United States District Court for the Western District of Oklahoma is affirmed.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court instructed Hammond to return to Remora any material benefits obtained through the assignment, which would include the settlement proceeds. Appellant's App. at 62-63